Morton, J.
This is an action of contract to recover damages for a disability alleged to be within the terms of a policy of insurance issued by the defendant to the plaintiff. The answer was a general denial and affirmative defences that the disability suffered by the plaintiff was not covered by the policy.
The facts set forth in the report, including the specific findings by the trial court, show that it was agreed between the parties that a policy of insurance was issued by the defendant to the plaintiff, was in effect at the time this claim arose, and that in consequence of his injury the plaintiff was totally disabled from June 19 to July 2, 1935 and partially disabled from the later date to July 13. The evidence and the findings of the facts tended to show that the plaintiff on June 19, 1935 visited a shoe factory and bought a 36-pair case of shoes; that thereafter the plaintiff stooped down and picked up the case of shoes and in so doing felt something give way in his back so that he could not straighten up. The plaintiff then went to his home, was treated by a physician for his injury, and was disabled totally and partially for the period above referred to.
The pertinent clause in the policy of insurance insured the plaintiff “against the results of bodily injuries sustained while this policy is in force and caused directly and independently of all other causes by violent and accidental means.” The court found that the injuries sustained by the plaintiff were caused by an accident, found for the plaintiff, and assessed damages in the sum of $139.39. The defendant duly filed several requests for rulings raising the issue as to whether or not the injuries above described were within the terms of the policy. Smith v. Travelers Insurance Co., 219 Mass. 147 seems to be decisive of the issues in *372 this case. In the cited case the policy insured against injury or death through external, violent and accidental means. The plaintiff’s intestate, in using a nasal douche, carried streptococcus germs into the eustachian tube and, from that point on, all the events followed naturally, resulting in death. There was no evidence of anything unusual in the use of the douche except that at the time in question he had “drawn into his nostril less gently or harder or more violently than he usually did.” With regard to whether the injury to the deceased came within the terms of the policy the court says at page 149 and 150:
“But there was nothing accidental in the inhalation of this douche. The deceased did exactly what he intended to do. This particular act of inhalation, though harder or more violent than usual, was not, so far as appears, harder or more violent than he intended it to be. There was no shock or surprise during the inhalation which made him draw a deeper breath than he intended to draw, nothing strange or unusual about the circumstances. ... We cannot find that there was any ‘external, violent and accidental means’ producing the injury which caused the death other than this inhalation by the deceased of the nasal douche, which he took, not accidentally in any sense of that word, but purposely, with full knowledge of its character, and in the very way in which he intended to take it. ’ ’
In Henderson v. Travelers Insurance Co., 262 Mass. 522, the plaintiff sought to recover damages under an insurance policy containing terms similar to that in the case at bar with the exception of the word “external”. In that case it appeared that the plaintiff dived many times into a pool upon a ship and subsequently sustained a streptococcus infection. At the close of the evidence the jury answered in the negative the question as to whether the disability of the plaintiff was caused by germs entering his system from the swimming pool. It must have been found, therefore, that the germs were already in his system and his recovery de *373 pended upon proof that through accidental means the germs were carried through the eustachian tube. With regard to this the court says at page 526:
“It does not appear that the plaintiff in diving awkwardly or otherwise did not dive as he intended; nor does it appear that there was anything accidental in the manner of controlling his breath or taking other precautions when he went into the water.”
At page 525 the court says:
“ ‘Accident,’ as the word is used in the policy, is a more comprehensive term than negligence, and in its common signification the word means an unexpected happening without intention or design.”
Also at page 525 the court quotes from U. S. Mutual Accident Association v. Barry, 131 U. S. 100 at page 121 as follows:
“ ‘. . . if a result such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means.”
In the instant case there is no evidence that the plaintiff slipped, fell, stumbled, or did anything else accidentally, or actuated by any outside force, that he did not intend to do; and there was evidence that the plaintiff did exactly what he intended to do; and it does not appear that, in attempting to lift the case, he acted awkwardly, or that there were any precautions which he ought to have taken and omitted to take.
The rule applicable to cases of this kind seems to be well expressed in the charge to the jury in U. S. Mutual Accident Association v. Barry, above cited where in the charge *374 to the jury, held to he without error, the trial judge said among other things:
“And I instruct you that if Dr. Barry jumped from the platform and alighted on the ground in the way he intended to do, and nothing unforeseen, unexpected, or involuntary occurred, changing or affecting the downward movement of his body as he expected,or would naturally expect such a movement to be made, or causing him to strike the ground in any different way or position from that which he anticipated or would naturally anticipate, then any resulting injury was not effected through any accidental means. (But if, in jumping or alighting on the ground, there occurred, from any cause, any unforeseen or involuntary movement, turn or strain of the body which brought about the alleged injury, etc. . . . then the injury would be attributable to accidental means.) ”
In the opinion the court sets forth the principles in question where it says at page 123:
“if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means.”
We think that upon the facts found and reported the plaintiff has not established a claim within the terms of the policy, and that in consequence thereof it was error prejudicial to the rights of the defendant to deny its requests for rulings. In view of what we have said an order will be entered vacating the finding for the plaintiff and directing that judgment be entered for the defendant.